IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICKY L. GRICE, # 142526 ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:14-cv-1168-MHT |
| ) | (WO) |
| LEEPOSEY DANIELS, *et al.* ) | |
| ) | |
| Respondents ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Ricky L. Grice ("Grice") on November 18, 2014. In his petition, as amended, Grice challenges the constitutionality of the January 4, 2011, decision of the Alabama Board of Pardons and Paroles ("Board") setting his next parole consideration date for five years instead of three years as provided in the Board regulation in effect in 1985, when he committed the crime for which he was imprisoned. See Doc. Nos. 1, 13, 15 & 25.[1]  The Respondents contend that Grice's petition is time-barred by the one-year

---

[1] Document numbers ("*Doc. No.*") are those assigned by the Clerk of Court.  References to exhibits ("*Resp't's Ex.*") are to those included with the Respondents' Answer (*Doc. No. 7*). Page references are to those assigned by CM/ECF.

federal limitation period applicable to § 2254 petitions. See 28 U.S.C. § 2244(d). After reviewing the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Grice's petition should be denied as untimely.

I. BACKGROUND

Grice was convicted of murder in December 1985 in the Circuit Court of Houston County, Alabama, and was sentenced to life in prison. See Doc. No. 1 at 1. At the time of Grice's conviction in 1985, the Board's regulations provided for a maximum set-off for the next parole consideration for an inmate denied parole of three years from the date of denial of parole. See Resp'ts Ex. O at 6-7 [Rules, Regulations and Procedures of the Board of Pardons and Paroles (1982, revised 1986), former Ala. Adm. Code § 640-X-2-.02(8)]. In March 2001, the Board amended its regulations to alter the frequency of parole consideration from every three years to every five years from the date of denial of parole. See Resp'ts Ex. P at 8-9 [Rules, Regulations and Procedures of the Board of Pardons and Paroles (2001), Article Six, § 11].

In April 2005, his initial parole consideration, Grice was denied parole, and the Board reset him for further parole consideration in April 2010, a five-year set off. Resp'ts Ex. M. On January 4, 2011, Grice was again denied parole, and he

was reset for further parole consideration by the Board in January 2016, again a five-year set-off.  Resp't's Ex. N.

On August 8, 2014, Grice filed a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County, Alabama, challenging the constitutionality of the Board's January 4, 2011, decision setting his next parole consideration for five years.  Doc. No. 1-1.  Grice argued that the Board was bound to follow its regulations in effect when he committed the crime for which he was incarcerated, specifically Ala. Adm. Code § 640-X-2-.02(8), which provided for a maximum set-off of three years from the date of denial of parole.  Id.  With his petition for a common-law writ of certiorari, Grice submitted an application for in forma pauperis ("IFP") status.

On August 13, 2014, the circuit court denied Grice's IFP application, finding that Grice had $1,550 deposited into his prison account during the 12 months preceding his filing of his petition for a common-law writ of certiorari and thus was capable of paying the filing fee.  Resp't's Ex. D.  On August 29, 2014, Grice filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals alleging that he was being denied his right of access to the courts because of the circuit court's denial of his IFP application.  Resp't's Ex. K.  On October 24, 2014, the Alabama Court of Criminal Appeals denied Grice's mandamus petition.

Resp'ts Ex. L.  Grice did not appeal the Alabama Court of Criminal Appeals' decision.

On November 18, 2014, Grice filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting among other things that the Board violated his constitutional rights by setting his next parole consideration date at five years instead of the three years provided in the Board's regulations in effect when he committed his crime.  He argues that the Board acted arbitrarily and capriciously in applying the amended regulation to him and that enforcement of the amended regulation in his case circumvents the Ex Post Facto Clause, violates the Eighth Amendment's proscription against excessive punishment, and violates his right to equal protection.  See, e.g., Doc. No. 1 at 5; Doc. No. 15 at 1-2; Doc. No. 25 at 1-3.

## II.   DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the Board decision that Grice challenges in his § 2254 petition occurred on January 4, 2011, when the Board reset him for further parole consideration in January 2016. Under *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008), the one-year limitation period for Grice to apply for federal habeas relief runs from the date of the Board's January 4, 2011, decision – which was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see*

*Brown*, 512 F.3d at 1307 n.1 ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance."); *Hawes v. Howerton*, 335 F. App'x 882, 884 (11th Cir. 2009) (following *Brown*). Therefore, absent statutory or equitable tolling, Grice had until January 4, 2012, to file a 28 U.S.C. § 2254 petition considered timely.

In Alabama, there is no direct appeal procedure by which an inmate can appeal decisions of the Alabama Board of Pardons and Paroles. A petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge such a ruling by the Board. *Samuels v. Alabama Board of Pardons & Paroles*, 687 So.2d 1287 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitation period for filing a § 2254 petition for habeas corpus relief. Consequently, a properly filed petition for a common-law writ of certiorari in the Circuit Court of Montgomery County will activate the tolling provision of 28 U.S.C. § 2244(d)(2). However, Grice's filing of a petition for a common-law writ of certiorari in the Montgomery County Circuit Court on August 8, 2014, could not toll the limitation period under § 2244(d)(2) – even if that petition had been

properly filed[2] – because the federal limitation period ran unabated during the one-year period between January 4, 2011, and January 4, 2012, and had already expired before the petition for a common-law writ of certiorari was filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition filed following expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled); *Hawes*, 335 Fed. App'x at 884 (same).

The limitation period may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also Rich v. Dep't of Corr. State of Fla.*, 317 Fed. App'x 881, 882 (11th Cir. 2008). Grice seems to argue that the limitation period should be equitably tolled in his case – and the untimeliness of his § 2254 petition excused – because the law library where he was incarcerated did not have a copy of the Board's previous regulations available so that he did not discover the Board had amended its old rule (with the maximum three-year set-off for parole consideration) before the limitation period for him to file his § 2254 petition

---

[2] Because Grice's IFP application was denied and he did not pay the filing fee with the circuit court, his common-law writ of certiorari in the Circuit Court of Montgomery County was not a "properly filed" state petition for purposes of 28 U.S.C. § 2244(d)(2). *See Ex parte McWilliams*, 812 So.2d 318, 321-22 (Ala. 2001) ("[T]he circuit court could not obtain subject-matter jurisdiction to consider a postconviction petition without first collecting a docket fee or granting a proper request to be allowed to proceed in forma pauperis."); *Goldsmith v. State*, 709 So.2d 1352, 1353 (Ala. Crim. App. 1997).

elapsed.  See Doc. No. 12 at 5-6; Doc. No. 29.  Cursory assertions regarding the inadequacy of a prison law library are insufficient to warrant equitable tolling of the statute of limitations.  *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000.  Moreover, ignorance of the law is an insufficient rationale for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).  Consequently, the court concludes that Grice is not entitled to equitable tolling of the limitation period.[3]

Under the circumstances of this case, the one-year limitation period contained in § 2244(d) expired on January 4, 2012.  Because Grice did not file his § 2254 petition until November 18, 2014, his petition is time-barred and his claims are not subject to habeas review.[4]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Grice be denied as untimely under 28 U.S.C. 2244(d) and that this case be dismissed with prejudice.

It is further ORDERED that the parties shall file any objections to this

---

[3] Grice also has not demonstrated that the limitation period in his case is controlled by a subsection of the statute other than § 2244(d)(1)(D) (*see* § 2244(d)(1)(A)-(C)).

[4] With regard to Grice's Ex Post Facto Clause claim, the court would note that the Board's amendment to its regulation increasing the set-off date for parole consideration from a maximum of three years following denial to the current five-year maximum does not does not create a significant risk of increased punishment for Grice and thus does not rise to the level of a constitutional violation.  *See Carey v. Danford*, No. 2:10cv772-MEF, 2013 WL 3450919, at *9-10 (M.D. Ala. July 9, 2013) (applying *Garner v. Jones*, 529 U.S. 244, 250 (2000)).

Recommendation or before **January 5, 2017**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  See Stein v. Lanning Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

   Done this 22nd day of December, 2016.


                    /s/ Charles S. Coody
               CHARLES S. COODY
               UNITED STATES MAGISTRATE JUDGE